**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WILLIE LOVELACE,                )<br>                                                          )<br>            Plaintiff,                     )<br>    v.                                               )            NO.<br>                                                          )<br>POLICE OFFICER LOUIS, STAR #719,  )<br>INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY )<br>AS A VILLAGE OF RIVERDALE POLICE OFFICER )<br>AND EMPLOYEE OF THE RIVERDALE POLICE )<br>DEPARTMENT, UNKNOWN POLICE OFFICER, )<br> INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY )<br>AS A VILLAGE OF RIVERDALE POLICE OFFICER )<br>AND EMPLOYEE OF THE RIVERDALE POLICE )<br>DEPARTMENT,  VILLAGE OF RIVERDALE, A )<br>MUNICIPAL CORPORATION, POLICE OFFICER A. )<br>STEEL, STAR #645, INDIVIDUALLY AND IN HIS )<br>OFFICIAL CAPACITY AS A HARVEY POLICE )<br>OFFICER, DETECTIVE J. CROCKER, STAR #602, )<br>INDIVIDUALLY AND IN HIS OFFICIAL )<br>CAPACITY AS A CITY OF HARVEY POLICE )<br>OFFICER AND EMPLOYEE OF THE HARVEY POLICE )<br>DEPARTMENT, AND CITY OF HARVEY, A )<br>MUNICIPAL CORPORATION, )<br>                                                          )<br>            Defendants.                 ) | |

**COMPLAINT**

NOW COMES the Plaintiff, WILLIE LOVELACE, by and through his attorneys, CHARLES E. PINKSTON & ASSOCIATES, and complains of the Defendants, as follows:

**JURISDICTIONAL STATEMENT**

1.  This action is brought pursuant to 42 U.S.C. Section 1983, as well as the Fourth and Fourteenth Amendments of the United States Constitution.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343(a)(3) in that it is brought to redress deprivations under

color of state authority, of rights, privileges and immunities secured by the United States Constitution and 28 U.S.C. Section 1391(b)(1) based on where the defendants reside.

## VENUE

2. At all material times herein, Plaintiff was a resident of the City of Harvey, County of Cook, State of Illinois.

3. Defendant, Officer Louis, Star #719, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Riverdale Police Department. He is being sued in his individual and official capacity.

4. Defendant, Unknown Police Officer, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Riverdale Police Department. He is being sued in his individual and official capacity.

5. Defendant Village of Riverdale, upon information and belief, was at all material times a municipal corporation of the State of Illinois which has one of its departments, the Riverdale Police Department. It is being sued in its official capacity.

6. Defendant, Officer A. Steel, Star #645, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Harvey Police Department. He is being sued in his individual and official capacity.

7. Defendant J. Crocker, Star #602, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Harvey Police Department. He is being sued in his individual and official capacity.

8. Defendant City of Harvey, upon information and belief, was at all material times a

municipal corporation of the State of Illinois which has one of its departments, the Harvey Police Department. It is being sued in its official capacity.

9. At all times relevant herein, all the Defendants were jointly engaged in, or were aware of, tortious activity resulting in the deprivation of the Plaintiff's Constitutional rights.

10. All material events giving rise to this lawsuit occurred in the City of Harvey and Village of Riverdale, State of Illinois.

11. Venue is properly in this Court because all of the Defendants were situated in this judicial district when the events that gave rise to this complaint occurred and all of the Defendants reside in the Northern part of this state.

## PARTIES

12. Plaintiff, Willie Lovelace, is a resident of the City of Harvey, County of Cook, State of Illinois.

13. Defendant Officer Louis, Star #719, was and is employed by the Village of Riverdale, State of Illinois as an Officer of the Riverdale Police Department ,who unlawfully arrested Plaintiff, and who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew or should have known that the Plaintiff did not commit.

14. Defendant Unknown Police Officer, was at all relevant times, employed by the Village of Riverdale as a Police Officer, who unlawfully participated in the false arrest of the Plaintiff by signaling in a false identification of the Plaintiff, thereby unlawfully conspiring with others to have Plaintiff arrested, charged and prosecuted for crimes the Defendant knew or should have known the Plaintiff did not commit.

15. Defendant Officer A. Steel, Star #645, was and is employed by the City of Harvey, State

of Illinois as an Officer of the Harvey Police Department, who unlawfully arrested Plaintiff, and who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew or should have known that the Plaintiff did not commit.

16. Defendant, Detective J. Crocker, Star #602, was and is employed in the City of Harvey, State of Illinois as an Officer of the Harvey Police Department, who unlawfully arrested Plaintiff, and who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew or should have known that the Plaintiff did not commit.

17. Defendant, City of Harvey, is a Municipal Corporation whose agents and employees failed to adequately train and supervise its employees, Officer Steel and Detective J. Crocker, whose agents and employees and ratified the acts of Officer Steel and Detective J. Crocker.

18. Defendant, Village of Riverdale, is a Municipal Corporation whose agents and employees failed to adequately train and supervise its employee, Officer Louis, and whose agents and employees ratified the acts of Officer Louis.

## FACTS

19. On or about September 26, 2008, Willie Lovelace, was lawfully upon the public way at or near 145th Street and Union Street, in Harvey, Illinois, having just exited a school bus at said location and in continuance of his journey home from school. At the time, Plaintiff was a senior at Thornton High School in Harvey, Illinois.

20. While at said location, Plaintiff was approached by Defendant Officer Louis. The officer announced his office and displayed his badge and ordered the Defendant to submit to a search of his person, to which he complied. Then Defendant Officer Louis placed handcuffs on Plaintiff, placed him into a squad car and relocated to the corner of 145TH and

Union. At that location, the Officer took Plaintiff out of the squad car and had him stand in a conspicuous location on the corner in what was apparently an attempt to engage in a "show up" identification procedure. Defendant Unknown Police, who was standing across the street from the Plaintiff and Officer Louis, waived at Officer Louis, at which time Plaintiff was placed back into the squad car and transported to the Riverdale Police station, under apparent arrest. Said arrest was made without warrant while Plaintiff clearly was not engaged in any illegal activity.

21. After falsely arresting Plaintiff without probable cause, Defendant Officer Louis transported Plaintiff to the police station and placed him in a cell. No explanation was ever given by any Riverdale Police personnel for Plaintiff's arrest or what the arrest was for. Plaintiff remained in a Riverdale Police Station for about one hour without explanation.

22. Approximately one hour after he had been placed in a cell, Plaintiff was taken out of the cell and turned over to Defendant Officer A. Steel at the Harvey Police Department, who, like the officers before him, failed to inform Plaintiff of why he was arrested and being held.

23. Plaintiff was then transported to the Harvey Policy Department by Defendant Officer Steel while still under apparent arrest, where he was turned over to Detective Crocker who asked Plaintiff if he knew what he was here for, to which Plaintiff replied "no". Plaintiff informed Detective that he did not have any clue as to why he was being held, to which Detective Crocker responded by informing Plaintiff that he would be placed in a cell to be held over night to give Plaintiff a chance to think about the matter and then discuss it in the morning.

24. After the false arrest, Plaintiff was held overnight. Only later that morning, after Plaintiff had been in police custody for over 20 hours did Detective Crocker reveal to Plaintiff the nature of the event for which Plaintiff was being held, to which Plaintiff informed the Detective of his

innocense and his lack of any knowledge whatsoever regarding the incident.

25. Upon falsely arresting Plaintiff without probable cause, Defendants Officer Louis, Unknown Police Officer, Officer A. Steel and Detective J. Crocker actively participated in the arrest process, including but not limited to, participating in the preparation of various police and supplemental reports and the Complaint for Preliminary Hearing.

26. That after spending a second night in the custody of the Harvey Police Department, Plaintiff was sent to bond court where he was eventually released on a $10,000.00 bond. The Court found probable cause to proceed on the false and contrived charges initiated by the Defendants based on the false information provided by the Defendants.

27. That after securing legal counsel to represent him and appearing in court each and every time the matter was in court over the next 12 months, Plaintiffs counsel arranged for a hearing to be held on a motion to squash the identification of the Plaintiff. Said hearing was held on August 25, 2009. At said hearing, the alleged victim of the underlying criminal matter for which Plaintiff was arrested, stated in open court that he did not at any time identify the Plaintiff as the person who caused him injury. Accordingly, the motion to quash the identification was sustained.

28. That on September 1, 2009, almost one year after being falsely arrested and accused, the criminal matter was dismissed as to the Plaintiff.

29. That based on information and belief, Defendant VILLAGE OF RIVERDALE a Municipal corporation, failed to adequately train, instruct, supervise and control its employees, Defendant Officer Louis and Defendant Unknown Police Officer.

30. That based on information and belief, Defendant CITY OF HARVEY a Municipal corporation, failed to adequately train, instruct, supervise and control its employees,

Defendants Police Officer A. Steel and Detective J. Crocker.

## COUNT I
## 42 U.S.C. Section 1983

31. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-30 of this Complaint as though fully set forth herein.

32. On or about September 29, 2008, Defendant Police Officer Louis arrested Plaintiff without probable cause, in violation of Plaintiff's rights secured to him by the Fourth Amendment to the United States Constitution.

33. That during the course of said arrest, Defendant Unknown Police Officer assisted in the Plaintiff's arrest by falsifying identification information, in further violation of Plaintiff's Fourth Amendment rights. Officer A. Steel and Detective Crocker of the Harvey Police Department committed acts in furtherance of the scheme to violate Plaintiff's constitutional rights by transporting Plaintiff to the Harvey police department while in custody, processing him, detaining him and participating in the preparation of the arrest and police reports and the Complaint for Preliminary hearing. All acts were committed by the officers when they knew or should have known the Plaintiff was not involved in any crime or with reckless disregard for the truth of those matters, all in violation of 42 U.S.C. Section 1983 and the Fourth Amendment.

34. That as a result of said beating, Plaintiff sustained and continues to suffer from injuries.

35. That Plaintiff arrest was the direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by the individual Defendant Police Officers , while acting under color of law and pursuant to customs, policies and/or procedures which were in violation of 42

U.S.C. Section 1983.

36. Federal law provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

37. While acting under color of law, the Defendant Police Officers systematically, knowingly, intentionally, and/or with deliberate indifference deprived Plaintiff of his rights under the United States Constitution.

38. At all material times, Defendants Louis, Unknown Police Officer, Steel and Crocker conspired with each other in pursuit of a common plan to commit tortious acts and/or deprive Plaintiff of his constitutional rights, actively participated in this conspiracy and furthered it by cooperation or request, lending aid and/or encouragement to wrongdoers and/or ratifying and adopting and/or concealing the acts done for their benefit. Additionally, each defendant acted negligently and/or with the intent to deprive Plaintiff of his rights.

39. The Defendants are civilly liable to Plaintiff pursuant to 42 U.S.C. Section 1983, because all of the aforementioned deliberately indifferent, reckless, willful, wanton, malicious, and/or intentional acts and/or omissions of defendants, as set forth herein, were committed under color of law and pursuant to customs, policies, statutes, laws, codes, and/or practices of the Village of Riverdale and the City of Harvey, State of Illinois and said acts and omissions deprived Plaintiff of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff, Willie Lovelace, prays that this Honorable Court find that the Defendants violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of One Million Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

## COUNT II
### Failure Of Village of Riverdale To Train, Supervise and Control

40. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-39 of this Complaint as though fully set forth herein.

41. That the Village of Riverdale has a duty to properly select and train its police officers and that failing to train police officers may be the basis for managerial liability under 42 U.S.C. Section 1983.

42. That notwithstanding its duty, the Village of Riverdale failed to properly train, instruct, supervise and control its employees Officer Louis and Unknown Officer in dealing with matters such as the situation involving Plaintiff where it is critical to obtain proper identification information and to pursue arrest warrants before subjecting innocent citizens to unlawful arrests and prosecution.

43. That Defendant Village of Riverdale has breached its duty is therefore civilly liable to Plaintiff for the injuries and violations of his civil rights that he sustained of the hands of Defendant Village's employees, Police Officer Louis and Unknown Police Officer, whom the Village of Riverdale failed to properly train, instruct, supervise and control.

WHEREFORE, Plaintiff, Willie Lovelace, prays that this Honorable Court finds that the Defendant Village of Riverdale violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of Five Hundred Thousand Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

### COUNT III
### Failure Of City of Harvey To Train, Supervise and Control

44. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-43 of this Complaint as though fully set forth herein.

45. That the City of Harvey has a duty to properly select and train its police officers and that failing to train police officers may be the basis for managerial liability under 42 U.S.C. Section 1983.

46. That notwithstanding its duty, the City of Harvey failed to properly train, instruct, supervise and control its employees Officer Steel and Detective Crocker in dealing with matters such as the situation involving Plaintiff where it is critical to obtain proper identification information and to pursue arrest warrants before subjecting innocent citizens to unlawful arrests and prosecution.

47. That Defendant City of Harvey has breached its duty is therefore civilly liable to Plaintiff for the injuries and violations of his civil rights that he sustained of the hands of Defendant Village's employees, Police Officer Steel and Detective Crocker, whom the City of Harvey failed to properly train, instruct, supervise and control.

WHEREFORE, Plaintiff, Willie Lovelace, prays that this Honorable Court finds that the Defendant Village of Riverdale violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of Five Hundred Thousand Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/Charles E. Pinkston

CHARLES E. PINKSTON
CHARLES E. PINKSTON & ASSOCIATES


CHARLES E. PINKSTON & ASSOCIATES
Attorneys for Plaintiff Willie Lovelace
100 W. Monroe Street, Suite 1710
Chicago, Illinois 60603
(312) 578-1957/fax (312) 905-2016